IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID A. BROWN )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI,[1] )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 21-89-E |

ORDER

AND NOW, this 19th day of September 2022, the Court, having considered the parties' summary judgment motions, will order judgment in Defendant's favor. The agency's final decision wherein the Administrative Law Judge ("ALJ") denied Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence. Accordingly, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (citing 42 U.S.C. § 405(g)).[2]

---

[1]  Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d). There is no impact on the case. 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect the substitution.

[2]  Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ's formulation of his residual functional capacity ("RFC") did not adequately reflect the extent of his non-exertional limitations. For the reasons explained herein, the Court disagrees and will affirm the ALJ's decision, which is the final agency decision in this matter pursuant to 20 C.F.R. § 404.981.

The Court reviews the ALJ's decision for substantial evidence. *Biestek*, 139 S. Ct. at 1152 (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If an ALJ's findings are supported thus, a reviewing court may not re-weigh the evidence. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Further, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision

so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

ALJs evaluate disability in five steps, *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999), whereby an ALJ considers "in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations omitted); 20 C.F.R. § 404.1520(a)(4)(i)—(v). To resolve the inquiries at steps four and five, an ALJ must first formulate the claimant's RFC, which represents "the most [he/she] can still do despite [his/her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ's RFC determination must be "based on all the relevant evidence in [the claimant's] case record." *Id.* The ALJ's decision should reflect this thorough consideration of the evidence in a "narrative discussion describing how the evidence supports" the finding. *Grimes v. Kijakazi*, No. CV 20-1367, 2022 WL 604865, at *1 n.3 (W.D. Pa. Feb. 28, 2022) (citing SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996)). Therein the ALJ should address not only that evidence which supports the RFC finding, but also any evidence the ALJ rejected. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The ALJ in this matter formulated a sedentary-work RFC with several additional exertional and non-exertional limitations. (R. 17). Plaintiff has only challenged the sufficiency of the latter. The non-exertional limitations the ALJ included were that Plaintiff "can understand, remember, and carry out simple, routine repetitive work[-]related tasks" and can have "only occasional contact with the public, coworkers, and supervisors." (*Id.*). With that RFC determination, the ALJ found Plaintiff could not return to past relevant work but could adjust to other such work as made him not disabled under the Act. (R. 24—26).

Plaintiff argues that the ALJ did not go far enough in his articulation of non-exertional limitations. Specifically, Plaintiff posits that evidence of his limited ability to adapt or manage himself warranted further functional limitations. For support of his argument, Plaintiff points to the ALJ's finding at the third step in his analysis that Plaintiff was mildly limited in adapting or managing himself. (R. 17). Plaintiff also relies on a medical opinion in evidence—that the ALJ found to be persuasive (R. 21)—that Plaintiff could only "regulate emotions, control behavior[,] and maintain well[-]being with moderate limitations." (R. 419). *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 12.00E(4) (explaining that a claimant's ability to adapt or manage himself is gauged by his "abilities to regulate emotions, control behavior, and maintain well-being in a work setting"). Plaintiff frames his argument as a challenge to the RFC and as a challenge to the ALJ's presentation of relevant information to the vocational expert ("VE") who testified at his hearing. However, as Plaintiff has acknowledged, these two arguments are mere alternative expressions of each other. *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005) ("[O]bjections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."). Having considered Plaintiff's challenge to the ALJ's RFC determination, the Court finds no reason for remand.

As an initial matter, the ALJ's finding of mild limitation of Plaintiff's ability to adapt or manage himself at step three demanded no specific formulation of the RFC at step four. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019) (discussing *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004)) ("[N]o incantations are required at steps four and five simply because a particular finding has been made at steps two and three."). The Court does not look for a verbatim account of an ALJ's step-three findings in the RFC determination; rather, the ALJ must have offered a "valid explanation" for the limitations he included in the RFC. *Id.* at 211.

Here, the ALJ offered a valid narrative explanation for the limitations he included in the RFC with a thorough discussion of the evidence supporting the finding such that the Court is satisfied the finding included all "credibly established" limitations. *Rutherford*, 399 F.3d at 554. At step three the ALJ had found Plaintiff to be mildly limited in adapting or managing himself based in part on his reported "difficulty handling stress." (R. 17). However, Plaintiff's allegations in this regard were balanced by evidence of "improved, good, and appropriate" insight and judgment, as well as cooperative, controlled behavior. (*Id.*). For the step-four RFC finding, the ALJ considered Plaintiff's alleged symptoms, *e.g.*, "that his impairments . . . negatively affected his ability to walk, remember, complete tasks, concentrate, and get along with others;" that he could become "agitated very easily;" he "was constantly worried about everything;" and that he "had panic attacks two or three times per week, lasting a few minutes each." (R. 18). The ALJ assessed Plaintiff's allegations by reference to the objective medical evidence in the record. This evidence showed that Plaintiff experienced "circumstantial and racing thoughts, as well as some preoccupations," but also that Plaintiff "had normal cognition," "fair judgment and insight," was "cooperative," and that his "behavior was in good control." (R. 19). The ALJ also considered medical opinion evidence, including Dr. Janine Ippolito's opinion that, *inter alia*, Plaintiff could "regulate emotions, control behavior, and maintain well-being with moderate limitations." (R. 21, 419). As noted above, the ALJ found that opinion to be persuasive. (R. 21). From the evidence, the ALJ concluded that Plaintiff was not entirely precluded from work. (R. 23). He found Plaintiff's daily activities, such as driving, showed that Plaintiff had a higher tolerance for stress and a greater ability to concentrate than alleged. (R. 22). Likewise, he found that despite Plaintiff's allegations, the evidence showed he had "good control of his behavior" and "that [his] anxiety was controlled on his treatment regimen" (R. 23), *i.e.*, that Plaintiff's psychological symptoms were manageable. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00E(4). Thus, the ALJ found that despite Plaintiff's "periods of circumstantial and racing thoughts, diminished attention and concentration, and diminished judgment and insight," he would be capable of sustained work at the level articulated in the RFC. (R. 22—23).

Plaintiff argues that the evidence—particularly Dr. Ippolito's opinion—warranted further functional limitation in the RFC to account for his adapt-or-manage limitation. He suggests that an off-task time limitation would have been the most appropriate way to account for his adapt-or-manage limitation in the RFC because there would be times when regulating his emotions would lead him to "stop work or even walk away from the work area to calm himself." (Doc. No. 18, pgs. 15—16). It is not, however, clear to the Court that Plaintiff proved the necessity of an off-task time limitation in the RFC. The ALJ thoroughly considered Dr. Ippolito's opinion

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 17) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED as specified above.

s/ Alan N. Bloch<br>United States District Judge

ecf:    Counsel of Record

---

and other evidence relevant to Plaintiff's ability to adapt or manage himself in his explanation of the RFC. (R. 18—22). Dr. Ippolito's opinion did not obviously support a specific functional limitation that the ALJ failed to include in the RFC. Nor was the ALJ "required to adopt all of [Dr. Ippolito's] opinion solely because [he] found the opinion as a whole persuasive." *Wilkinson v. Comm'r Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014). From the evidence, the ALJ formulated an RFC that limited Plaintiff to simple, routine, and repetitive tasks and only occasional contact with others. (R. 17). While the evidence could have been found to support an off-task time limitation in the RFC, the mere possibility of that alternative conclusion does not undermine the ALJ's well-supported RFC formulation. *Malloy*, 306 Fed. Appx. at 764. Contrary to Plaintiff's argument, this is not a case where the ALJ ignored evidence of Plaintiff's adapt-or-manage limitation in formulating the RFC. *See Blake v. Kijakazi*, No. CV 20-2971, 2022 WL 117765, at *4 (E.D. Pa. Jan. 12, 2022) (faulting the ALJ for failing to mention the claimant's "shortcomings" in adapting or managing herself in the RFC assessment). The ALJ thoroughly considered that evidence and simply found no further limitations than those he included in the RFC had been established. Accordingly, the Court will affirm the ALJ's decision.